UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND – NORTHERN DIVISION

| | | |
|---|---|---|
| BREZA & ASSOCIATES, LLC | * | |
| 11019 McCormick Road | | |
| Suite 400 | * | |
| Hunt Valley, Maryland 21031 | | |
| Baltimore County, Maryland, | * | |
| | | |
|     Plaintiff, | * | |
| | | |
| v. | * | CASE NO.: 19-3468 |
| | | |
| TESLA MOTORS, INC. | * | |
| Also known as Tesla, Inc. | | |
| 3500 Deer Creek Road | * | |
| Palo Alto, California 94304, | | |
| | * | |
| **Serve on Resident Agent:** | | |
| | * | |
|     The Corporation Trust, | | |
|     Incorporated | * | |
|     2405 York Road, Suite 201 | | |
|     Lutherville, Maryland  21093, | * | |
| | | |
|     Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Plaintiff, Breza & Associates, LLC ("Plaintiff"), hereby sues Tesla Motors, Inc., also known as Tesla, Inc. (hereinafter "Tesla") and states as follows:

## PARTIES

1.  Plaintiff is a single-member Maryland Limited Liability Company, whose principal office is located in Baltimore County, Maryland.

2.  Tesla is a Delaware corporation qualified to do business in the State of Maryland.  Tesla operates in Baltimore County, Maryland, including manufacturing, selling and servicing automobiles to the general public.

### FACTS COMMON TO ALL COUNTS

3.  On or about August 30, 2017, Plaintiff purchased a new 2017 Tesla Model X 75D (the "Vehicle") for the sum of One Hundred Five Thousand Six Hundred Nine Dollars and Seventy-Six Cents ($105,609.76) from Tesla.

4.  Beginning September 1, 2017, and continuing through the present date, Plaintiff experienced multiple serious and material malfunctions and defects with the Vehicle including but not limited to: a) failure of the auto-pilot system, b) shut downs and malfunctions of the electronic systems, c) falcon wing door failures and malfunctions, d) collision warning system failures and malfunctions, and e) rear hatch failures and malfunctions., and f) several other material issues.

5.  On several occasions while traveling on multilane highways with the autopilot system activated, the Vehicle erroneously indicated an object to the front right of the Vehicle (although no such object existed), thereby suddenly veered hard to the left across adjacent lanes of traffic. ("Defect #1").

6.  Tesla made several attempts to repair Defect #1.

7.  In July 2018, Tesla advised Plaintiff Defect #1 could not be repaired.

8.  In addition to the autopilot defect, The Vehicle's electrical systems malfunctioned and at times stopped functioning within a few weeks of Plaintiff's purchase of the Vehicle.  The computer system, which is integral to the safety and operations of the Vehicle, began to demonstrate long delays and then stop functioning completely, including the touch screen, the

dashboard display, the heating and air conditioning, the turn signals and other electronics of the Vehicle. (Collectively, "Defect #2").

9. Tesla made several attempts to resolve Defect #2.

10. Tesla was unable to repair Defect #2 timely and effectively.

11. The Vehicle's rear Falcon Wing Doors ("F-W-D") failed to function properly, especially on the rear passenger side. At various times, after Plaintiff attempted to close the F-W-D, the door would not only fail to close completely but also would then not re-open. These incidents, sometimes resulting in the F-W-D being frozen in a partially open position, rendered the Vehicle unsafe and inoperable. On more than one occasion, as a result of the F-W-D failures, the Vehicle had to be towed to the repair facility. ("Defect #3"). In addition, there were other F-W-D malfunctions including the intrusion of significant amounts of water which poured on the passengers in the Vehicle, the F-W-D also made a loud popping noise while opening, and the F-W-D has had window malfunctions as well. ("Defect #4").

12. Despite making a series of attempts to repair Defects 3 and 4, Tesla was unable to resolve the problems within a reasonable period of time and repair attempts.

13. An additional material defect within the Vehicle related to numerous malfunctions of the Vehicle's sensors. The Vehicle is equipped with a large number of sensors intended to detect objects around the Vehicle that could affect its safe operation. Similar to the events relating to Defect #1, the sensor repeatedly reported obstacles in front of, and to the side of, the Vehicle, despite the fact no such obstacles were present. Many of these erroneous signals resulted in the activation of the Vehicle's collision warnings, the rear falcon wing door not opening fully due to non-existent obstacles, as well as repeated reporting of obstacles when none are present. ("Defect #5").

3

14. After having received several reports and pictures supporting the presence of Defect #5, Tesla attempted to remedy Defect #5, including replacement of many of the sensors and cameras, without success.

15. Similar to the F-W-D issue, the Vehicle's rear hatch repeatedly malfunctioned, including the hatch not closing properly and/or sitting unevenly when closed. ("Defect #6") This creates a dangerous situation for passengers and other drivers.

16. Tesla has made several attempts to remedy Defect #6.

17. In addition to the above issues, the Vehicle has also experienced suspension malfunctions, front passenger window failure, excessive window noise in the rear windows, repeated grease deposits on the rear windows, constant rattling noise in the rear of the Vehicle, rattling noise in the front passenger door, and a loud popping noise emanating from the windshield of the Vehicle.

18. Tesla has made several attempts to remedy all of the noted Defects above without success.

19. In fact, Tesla has attempted to repair the various serious and material Defects noted above more than four (4) separate and distinct times without success.

20. Thereafter, having provided Tesla more than sufficient opportunities to repair the various material Defects, Plaintiff provided official written notice of the malfunctions and defects to Tesla, as well as Tesla's failure to timely and effectively repair such malfunctions and defects, and Plaintiff's desire to obtain a replacement vehicle from Tesla. A copy of the September 25, 2018 notice is attached hereto and incorporated herein by reference as **Exhibit A**.

21. The Vehicle remains unsafe.

**COUNT I**
**VIOLATION OF MD. CODE ANN. *Commercial Law* §14-1501, et seq.**
**(Automotive Warranty Enforcement Act – Tesla Motors, Inc.)**

22. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. That on September 25, 2018, the Plaintiff gave written notice to Tesla of the Vehicle's defects. That on September 25, 2018, Tesla acknowledged the Plaintiff's letter and indicated that it was unwilling to provide a new vehicle. Various emails, text messages and telephone calls to Tesla indicate that the Tesla acknowledges that the defects exist and have not been repaired.

24. At all times relevant hereto the above described defects and repairs to the Vehicle were within the warranties provided by Tesla and within fifteen (15) months of the purchase of the Vehicle and within the first fifteen thousand (15,000) miles of the Vehicle's operation.

25. Said defects substantially impair the value of the Vehicle and have not been corrected by Tesla in a reasonable number of attempts during the warranty period.

26. Plaintiff has provided an opportunity for Tesla to cure the defects. Tesla has failed to cure the defects.

27. In refusing without justification to replace the Vehicle or refund the purchase price of the Vehicle, Tesla acted in bad faith and has violated the Plaintiff's rights under Section 14-1502 of the Maryland Commercial Law Code.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant Tesla Motors, Inc. for:

A. The replacement of the Vehicle, including all excise taxes, transfer taxes, license fees and registration fees.

B. The full purchase price of the Vehicle including excise tax, license fees and

registration fees, which is a sum in excess of One Hundred Five Thousand Dollars ($105,000.00);

C. Damages of Twenty Thousand Dollars ($20,000.00) for the failure of Defendant Tesla Motors Inc. to act in good faith;

D. Interest, costs, attorneys' fees, and such other and further relief as the Court deems proper.

## COUNT II
## VIOLATION OF MD. CODE ANN. *Commercial Law* §13-101, et seq.
### (Unfair or Deceptive Trade Practices– Tesla Motors, Inc.)

28. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. Tesla represented to Plaintiff that Tesla would provide the necessary repairs to the Vehicle.

30. Plaintiff relied on direct mailings, television ads, print ads and/or other advertisements in deciding to purchase the Vehicle from Tesla.

31. Plaintiff secured credit to purchase the Vehicle based on Tesla's representations of quality of the product as well as service should it be required.

32. Tesla did not provide the necessary repairs to, or return, Plaintiff's automobile in a reasonable amount of time. Tesla failed to provide the service they advertised to the Plaintiff.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant, Tesla Motors, Inc. for compensatory damages in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), with interest, costs and reasonable attorneys' fees.

## COUNT III
### (Breach of Express Warranty – Tesla Motors, Inc.)

33. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 32 of this

Complaint as if fully set forth herein.

34. Pursuant to the written sale agreement, Tesla expressly warranted to Plaintiff that the Vehicle was road worthy.

35. The Vehicle in question was not road worthy and Tesla's representation to the contrary is a breach of its express warranty to Plaintiff.

36. Tesla's express warranty that the Vehicle was road worthy was a material basis for the purchase of the Vehicle by the Plaintiff.

37. Plaintiff notified Tesla of the breach of warranty within a reasonable time of discovering the breach and prior to filing this action.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant Tesla Motors, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), with interest and costs.

## COUNT IV
### (Breach of Implied Warranty – Tesla Motors, Inc.)

38. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. On or about August 30, 2017, Plaintiff purchased the Vehicle manufactured and sold by Tesla.

40. At the of the sale and delivery of the Vehicle Tesla implicitly warranted the Vehicle was merchantable and fit for the ordinary purpose for which vehicles are intended, namely, for personal use and transportation.

41. At the time of the sale and delivery of the Vehicle, Tesla implicitly warranted the Vehicle was fit for the particular purpose which the Plaintiff had communicated to Tesla, namely, transportation. Defendant Tesla held itself out to the public as possessing superior

7

knowledge and skill in the operation and use of vehicles. Plaintiff relied on this superior knowledge and skill of Tesla in selecting the Vehicle for their particular transportation requirements.

42. After several uses of the Vehicle Plaintiff noticed serious and material malfunctions and defects. As a result, Plaintiff is no longer able to use the Vehicle for the purpose intended, i.e., safe transportation.

43. Plaintiff notified Tesla of the breach of warranty within a reasonable period after discovering the breach and prior to filing this action.

44. As a result, Tesla breached its implied warranties of merchantability and fitness for a particular purpose to Plaintiff which directly and proximately caused Plaintiff to suffer economic loss.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant Tesla Motors, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus interest and costs.

### COUNT V
### (Concealment and/or Non-Disclosure – Tesla Motors, Inc.)

45. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 44 of this Complaint as if fully set forth herein.

46. Tesla failed to provide Plaintiff with all material information relating to the Vehicle, thus preventing Plaintiff from making an informed decision on the purchase of the 2017 Tesla Model X 75D. Specifically, Tesla omitted disclosing the various Defects existed in the Vehicle and that the Vehicle was not fully functional prior to Plaintiff taking delivery of the Vehicle. The failure to provide Plaintiff such material information greatly diminished the value of the Vehicle.

47. Tesla's failure to disclose the existence and economic impact of the Defects constituted a

failure to disclose a material fact, which it had a duty to disclose.

48. Tesla failed to disclose this existence and impact of the Defects with the intent to deceive Plaintiff. Tesla knew that Plaintiff would not have agreed to pay the purchase price for the Vehicle had Plaintiff known of the existence of the defects.

49. Plaintiff justifiably relied on the Tesla's representation that the Vehicle was in good working order.

50. As a direct consequence of Tesla's concealment, Plaintiff suffered damages.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant Tesla Motors, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), plus interest and costs.

## COUNT VI
### (Constructive Fraud – Tesla Motors, Inc.)

51. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 50 of this Complaint as if fully set forth herein.

52. That Tesla, by virtue of its position, owed a fiduciary duty to Plaintiff.

53. Tesla breached its fiduciary duty intentionally, with malice, and/or with reckless disregard for Plaintiff's rights by ignoring the known defects with the Vehicle and by failing to warn Plaintiff prior to purchase of the Vehicle.

54. As a result of Tesla's conduct, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant Tesla Motors, Inc. in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, with interest, costs and such other and further relief as this Court deems proper.

9

## COUNT VII
### (Magnunson-Moss Warranty Act – Tesla Motors, Inc.)

55. Plaintiff incorporates herein by reference the allegations of paragraphs 1 through 54 of this Complaint as if fully set forth herein.

56. That on September 25, 2018, Plaintiff gave written notice to Tesla of the Vehicle's defects. That on September 25, 2018, Tesla acknowledged Plaintiff's letter and indicated it was unwilling to provide a new vehicle. Various emails, text message and telephone calls with Tesla indicate that Tesla acknowledges that the defects exist and have not been repaired.

57. At all times relevant hereto the above described defects and repairs to The Vehicle were within the warranties provided by Tesla and within fifteen (15) months of the purchase of the Vehicle and within the first fifteen thousand (15,000) miles of the Vehicle's operation.

58. Said defects have not been corrected by Tesla in a reasonable number of attempts during the warranty period.

59. That Plaintiff has provided an opportunity for Tesla to cure the defects. Tesla failed to cure the defects.

60. In refusing without justification to refund the purchase price of the Vehicle, Tesla acted in bad faith and has violated Plaintiff's rights under 15 U.S.C. §2301, et. seq.

WHEREFORE, Plaintiff, Breza & Associates, LLC, demands judgment against Defendant Tesla Motors, Inc. for:

A. The replacement of the Vehicle, including all excise taxes, transfer taxes, license fees and registration fees.

B. The full purchase price of the Vehicle including excise tax, license fees and registration fees, which is a sum in excess of One Hundred Five Thousand Dollars ($105,000.00);

C. Damages of Twenty Thousand Dollars ($20,000.00) for the failure of Defendant Tesla Motors, Inc. to act in good faith;

D. Interest, costs, attorneys' fees, and such other and further relief as the Court deems proper.

Hofmeister & Breza

Andrew M. Winick, Esquire
Bar # 24958
Hofmeister & Breza
11019 McCormick Road
Suite 400
Hunt Valley, Maryland 21031
(410) 828-4442, ext. 338 (office)
(443) 589-2322 (facsimile)
awinick@hbllaw.com

Attorney for Plaintiff
Breza & Associates, LLC

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury on all issues herein.

Andrew M. Winick